[No. 2609.]

JOHN ANDERSON *v.* THE STATE.

1. THEFT—PRACTICE—EVIDENCE.—It was error to permit a State's witness, in a theft case, to testify that the alleged injured party, on the morning after the theft, the defendant not being present, identified and claimed the stolen property.   Such testimony is *res inter alios acta* and inadmissible.

2. SAME—WANT OF CONSENT.—In all trials for theft, the ownership of the property stolen must be proved as alleged, and the evidence must also show the want of the owner's consent to the taking, notwithstanding the the theft was from the person of the owner

D

APPEAL from the District Court of Dallas. Tried below before the Hon. G. N. Aldredge.

The indictment charged the appellant with the theft of a pocketbook and four dollars and fifty cents from the person of Samuel Salkill, in Dallas county, Texas, on the first day of December, 1882. He was convicted, and was awarded a term of two years in the penitentiary.

J. M. Prophett testified, for the State, in substance, that as he was at work on Pacific avenue, in the city of Dallas, which avenue runs parallel with, and contiguous to, the track of the Pacific Railway, he saw a drunken man staggering down the railroad track. This man, who proved to be Samuel Salkill, was followed by two others, one of whom proved to be the defendant. After proceeding some little distance on his way, Salkill fell to the ground, and the defendant and his companion approached him and sat down near him. Their actions aroused the suspicions of the witness, and he decided to watch them. Within a short time Salkill struggled to his feet, and again started down the railway. The two men followed him until he fell a second time, and again they sat down on the ground near him. About this time the witness saw constable Miller at a short distance, and motioned to him. When Miller came up, witness called his attention to the actions of the two men, and told him that he thought they were intent upon robbing Salkill. Miller told the witness that he was hastening to an inquest, but directed the witness to watch the men until he could send police officers. Miller then rode off, leaving the witness on watch.

Within a short time after Miller left, the defendant, John Anderson, got up from where he was sitting, approached the prostrate person of Salkill, and bent over him, with his hand extended towards the body. Weeds intervening, the witness could not see that the defendant touched the prostrate man, but when the defendant straightened up, the witness saw him put his hand in his pocket. Just at this time Mr. Miller reappeared with two policemen and the witness related to them what had transpired. The defendant and his companion could not very well see the witness at the time of the robbery, they being in an excavation, and he on a high embankment.

George H. Miller testified, for the State, that he was the constable of precinct number one, of Dallas county, Texas. On his way to an inquest, on December 1, 1882, J. M. Prophett hailed

him on Pacific avenue, and directed his attention to two men whose actions indicated that they intended to rob another man who was lying on the ground, drunk. The defendant was one of those two men. Witness told Prophett that he was hurried, but would send policemen to take the matter in hand, and requested Prophett to watch the parties until the officers should arrive. The witness returned after a short time, with two officers, and observed the defendant and his companion walking rapidly away from the drunken man. The witness saw the defendant, as he and his companion were walking away, pull or tear something to pieces and throw it away. The object lodged on some weeds, where it was found and secured by one of the policemen. It proved to be a cheap pocket book, and was identified by Salkill as his property. Witness then ordered his two assistants to arrest the defendant and his companion, which they did.

Witness then went to the drunken man and found him to be Salkill. He was too drunk to travel, and witness had him taken to jail in a Jersey wagon. He was fined next morning for drunkenness, and gave his name as Samuel Salkill, saying that he was a transient person and intended to leave Dallas about the time he was robbed. He identified the pocket book which the defendant threw away as his property, and also a key which, with some money, the witness took from the defendant when he arrested him. The man Salkill was perfectly sober, and had been tried, when he identified these two articles. This all occurred in Dallas county about the time alleged in the indictment.

Frank Beard and Henry Waller, the two policemen who assisted Miller in the arrest of the defendant and his companion, gave the same account of the occurrence at the time as that given by Miller.

E. P. Marshall, assistant prosecuting attorney, testified, for the State, that every effort was made to get Salkill before the grand jury which indicted the defendant, and also to secure his attendance upon this trial. His whereabouts could not be ascertained.

The motion for new trial raised the questions involved in the opinion, and assailed the charge of the court.

No brief for the appellant has reached the reporters.

*J. H. Burts*, Assistant Attorney General, and *C. Edmundson*, for the State.

WHITE, PRESIDING JUDGE. We are clearly of opinion that the court erred in allowing the witness Miller, as shown by defendant's bill of exceptions, to testify that on the morning after the theft Salkill, the injured party, identified and claimed the pocket book as his property. What Salkill said to a third party, not being *res gestœ* nor in the presence or hearing of the accused, could and should not be used as evidence against the latter. Such testimony is *res inter alios acta* and inadmissible.

In all kinds of theft, including theft from the person, the ownership of the property must be proven as alleged, and so also must be proven the want of consent of the owner to the taking.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered April 11, 1883.